UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 3:14-CR-12-1 |
| | § | |
| ABEL HINOJOSA | § | |

## ORDER DENYING REDUCTION OF SENTENCE

Abel Hinojosa has filed a motion (Dkt. 246) seeking modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. For the reasons stated below, the motion will be denied.

Hinojosa was charged in this Court with four drug-related counts. On August 19, 2015, Hinojosa entered into a plea agreement (Dkt. 160) on one count. Hinojosa waived his right to appeal or to collaterally attack his conviction or sentence, except as to certain claims not relevant here (*id*. at 5). On June 14, 2016, the Court imposed a sentence of 210 months imprisonment, followed by a five-year term of supervised release (Dkt. 200).

Over six months later, on January 12, 2017, Hinojosa filed a *pro se* notice of appeal (Dkt. 235). Hinojosa's appointed counsel filed a motion to withdraw and a brief stating that, after review, the appeal presented no nonfrivolous issues. On March 20, 2018, the Fifth Circuit dismissed the appeal (Dkt. 244, 245).

On April 9, 2018, Hinojosa filed the pending motion to modify or reduce his sentence under 18 U.S.C. § 3582(c)(2), which permits modification in certain circumstances when a defendant has been sentenced under a sentencing range that subsequently is lowered by the Sentencing Commission. *See United States v.*

*Quintanilla*, 868 F.3d 315 (5th Cir. 2017). Hinojosa bases his request on Amendment 782 to the United States Sentencing Guidelines, which became effective on November 1, 2014, and permits a two-level reduction to the offense level for sentences calculated under U.S.S.G. § 2D1.1. *See Quintanilla*, 868 F.3d at 317-18. Amendment 782 is retroactive to sentences imposed before the effective date of November 1, 2014. *Id*. at 318.

Hinojosa, represented by counsel, entered into his plea agreement on August 19, 2015, and was sentenced on June 14, 2016. Both events occurred well after Amendment 782 took effect. The presentence investigation report confirms that the 2015 edition of the Sentencing Guidelines, which included the reduction generated by Amendment 782, was used to calculate his sentence (Dkt. 181, at 14, ¶ 54). Section 3582(c)(2) only permits a court to modify a sentence for a person serving a term based on a sentencing range that *subsequently* was lowered by the Sentencing Commission. Because Hinojosa was sentenced after the reduction generated by Amendment 782, and has received the benefit of the amendment, the authorities he cites do not warrant reduction of his sentence.

Hinojosa's motion to modify or reduce his sentence (Dkt. 246) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 20th day of April, 2018.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge